IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM B. HOOD, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 26-996-CFC-SRF |
| DELAWARE STATE POLICE, et al. | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATON**

Plaintiff William B. Hood ("Plaintiff"), a pretrial detainee at Sussex Correctional Institution, filed this action alleging violations of his civil rights under 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The court proceeds to review and screen the complaint pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons set forth below, the court recommends the complaint be DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The court recommends that Plaintiff's claims against the Delaware State Police be dismissed WITH PREJUDICE and all other claims be dismissed WITHOUT PREJUDICE.

## I. BACKGROUND

On February 3, 2026, Plaintiff was fleeing the Delaware State police on icy roads during a snow storm. (D.I. 3 at 5). Plaintiff hit a school bus, got out of his truck, and was struck by the police vehicle. (*Id.*). Plaintiff suffered injuries to his knees, back, ankle and wrist from being hit

---

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

by the police vehicle. (*Id.*) The John Doe officer then exited his police vehicle and hit Plaintiff in the face with a closed fist while Plaintiff was on the ground. (*Id.* at 6) Plaintiff seeks unspecified relief for his injuries. (*Id.* at 8).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal

Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff's complaint fails to state a cognizable claim. Plaintiff's claims against the Delaware State Police are barred under the Eleventh Amendment, which protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The Delaware State Police is an agency of the State of Delaware. *See Showell v. Quintero*, C.A. No. 18-1723-LPS, 2022 WL 911375, at *3 (D. Del. Mar. 28, 2022); *see also Jones v. Crisis Intervention Services*, 239 F. Supp. 3d 795, 799 (D. Del. 2017), *aff'd*, 686 F. App'x 81 (3d Cir. 2017), (Delaware State Police immune from suit in civil rights action). Further, a state agency such as the Delaware State Police "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, it is recommended that the complaint against the Delaware State Police be dismissed with prejudice. *Devary on behalf of B.D. v. Delaware State Police Troop 6*, C.A. No. 17-1782-GMS, 2018 WL 1513024, at *2 (D. Del. Mar. 27, 2018) (dismissing complaint against Delaware State Police as immune from suit).

The complaint is also deficient because it does not indicate the relief sought. Federal Rules of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3). *See, e.g., Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *see also Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Plaintiff's failure to specify the relief

requested supports dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought). Consequently, it is recommended that the court dismiss without prejudice Plaintiff's claim(s) against the John Doe officer.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order dismissing this action in the form set forth below.

**ORDER**

At Wilmington this __th day of ____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on October __, 2026 is ADOPTED.

2. The complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. Plaintiff's claims against the Delaware State Police are DISMISSED WITH PREJUDICE. Amendment is futile.

4. All other claims are DISMISSED WITHOUT PREJUDICE.

5. Plaintiff will be afforded one opportunity to amend the complaint. Plaintiff is granted leave until on or before _____________, 2026 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation for the claims dismissed without prejudice. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served

with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 13, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE